IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JERRICA L. WALKER,

    Plaintiff,

                              Case 2:13-cv-2337-SHM-cgc

v.

THE UNIVERSITY OF TENNESSEE
HEALTH SCIENCE CENTER,

    Defendant.

**REPORT AND RECOMMENDATION ON
DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS COMPLAINT
ORDER DENYING PLAINTIFF'S MOTION FOR HEARING**

Before the Court is Defendant The University of Tennessee's ("UT") Rule 12(b)(6) Motion to Dismiss Complaint (Docket Entry "D.E." #7) and Plaintiff's "Request of Hearing of Motions Under Local Rule 7.2(D) of Defendant's Motion to Dismiss and to Stay Discovery" (hereinafter, "Motion for Hearing"). (D.E. #11). All pretrial matters in this non-prisoner *pro se* case have been referred to the Magistrate Judge for management pursuant to a standing order dated April 29, 2013. For the reasons set forth herein, it is RECOMMENDED that Defendant's Rule 12(b)(6) Motion to Dismiss be DENIED and it is ORDERED that Plaintiff's Motion for Hearing be DENIED.

**I. Proposed Findings of Fact**

On May 23, 2013, Plaintiff Jerrica L. Walker ("Walker"), filed a *pro se* complaint under

1

Titles IV and VI of the Civil Rights Act of 1964 and under Title IX of the Education Amendments of 1972 (D.E. #1) against Defendant UT, alleging discrimination on the basis of sex and race, together with a Motion for Leave to Proceed *In Forma Pauperis* (D.E. #2). The Court granted such motion by order dated May 28, 2013 (D.E. #3). Defendant then filed its Rule 12(b)(6) Motion to Dismiss (D.E. #7) and accompanying Memorandum (D.E. #7-1) on October 7, 2013 to which Plaintiff responded on October 28, 2013 (D.E. #9). Defendant filed a Reply on November 8, 2013 (D.E. #10). On November 11, 2013, Plaintiff filed a Motion for Hearing (D.E. #11).

Walker alleges that "this is an action for legal and equitable relief to redress race and gender discrimination and unlawful retaliation against the plaintiff." (*Pro Se* Compl., D.E. #1, ¶ 1). In her complaint, Walker states that she "is an African-American female citizen of the United States and a resident of the State of Tennessee." (*Pro Se* Compl., D.E. #1, ¶ 2). Plaintiff complains that after she was dismissed from UT's College of Dentistry due to three (3) failing grades, "her appeal was not allowed to be heard." (*Pro Se* Compl., D.E. #1, ¶¶ 19, 21).

More specifically, Plaintiff alleges that "a similarly situated white female . . . received the same letter grades of deficiencies and was also recommended for dismissal, however, her appeal was allowed to be heard and she was afforded continuation." (*Pro Se* Compl., D.E. #1, ¶ 21). It is further alleged that "another African American female . . . whom had near or close to the same credit hour deficiencies as [the white female] was not afforded to be heard as well even though she met the criteria for her appeal to be heard. Therefore, it is indication that race discrimination occurred." (*Pro Se* Compl., D.E. #1, ¶ 22). In addition, Walker asserts that "a white male student . . . was caught forging an instructor's signature on a major project sheet for class . . . [and] [a]ccording to the Centerscope Handbook, this action is grounds for dismissal. However, [that

2

student] was allowed to continue his education. (*Pro Se* Compl., D.E. #1, ¶ 26). Walker also states that "a black male student . . . failed to pass the required National Board Exam Part 1 on more than one occasion . . . [but] the University created a 'special student status' and afforded [him] the opportunity to continue." (*Pro Se* Compl., D.E. #1, ¶ 27). Plaintiff further claims that during a meeting with the Dean of Academic Affairs, she was informed of a "white female who was allowed to repeat her [third] year of dental school [three] times." (*Pro Se* Compl., D.E. #1, ¶ 28). Finally, Plaintiff contends that a "black male student . . . made multiple Ds in December 2011 . . . [and] was allowed to take National Board Exams whereas Walker was not." (*Pro Se* Compl., D.E. #1, ¶ 29). That same student "was given exemption from certain courses that was not afforded to Walker." (*Pro Se* Compl., D.E. #1, ¶ 29a). On June 18, 2012, Walker filed a complaint with the U.S. Department of Education Office of Civil Rights ("OCR"). (*Pro Se* Compl., D.E. #1, ¶ 24; Ex. to *Pro Se* Compl., D.E. #1-1, p. 1). OCR's investigative findings are attached and incorporated by reference to the Plaintiff's complaint. (Ex. to *Pro Se* Compl., D.E. #1-1).

## II. Proposed Conclusions of Law

### A. The Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support

a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678−79. On a motion to dismiss, a court is generally limited to the complaint and exhibits attached thereto, but it may also consider "public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations and emphasis omitted). District courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). They are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

B. Titles VI and IX Discrimination Claims

Plaintiff asserts her claims under Title VI of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972. (*Pro Se* Compl., D.E. #1, ¶ 1). Title VI provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d; *see also* 34 C.F.R. Part 100 (Title VI regulations). Likewise, Title IX provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a); *see also* 34 C.F.R. Part 106 (Title IX regulations).

In assessing a plaintiff's Title IX discrimination and retaliation claims, courts employ the same legal framework used in Title VII claims.[1]  *See Thomas v. Meharry Med. College*, No. 3:12-00929, 2014 U.S. Dist. LEXIS 22226, at *17 (M.D. Tenn., Feb. 20, 2014) (citing *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 673 (6th Cir. 2013)); *see also Nelson v. Christian Bros. Univ.*, 226 Fed. Appx. 448, 454 (6th Cir. 2007) ("Generally, courts have looked to Title VII, 42 U.S.C. § 2000e, as an analog for the legal standards in both Title IX discrimination and retaliation claims."). "Title VI and Title VII cases employ the same analytical framework."  *Gabriel v. Albany College of Pharm. & Health Sciences*, No. 2:12-cv-14, 2013 U.S. Dist. LEXIS 116001, at *16 (D. Vt., Aug. 16, 2013).

Defendant argues that Plaintiff's Titles VI and IX claims must be dismissed because her complaint fails to allege facts that would constitute direct discrimination or facts sufficient to support a *prima facie* case of discrimination.  Without direct evidence, Defendant would have Plaintiff plead that: (1) she is a member of a protected class; (2) she suffered an adverse action at the hands of the defendant in pursuit of her education; (3) she was qualified to continue in pursuit of her education; and (4) she was treated differently from similarly situated students who are not members of the protected class.[2]  In applying such standard, Defendant asserts that Plaintiff has

---

[1] Under Title VII jurisprudence, plaintiffs may make their showing of discriminatory intent for disparate-treatment claims either through direct or circumstantial evidence.  *See Serrano v. Cintas Corp.*, 699 F.3d 884, 892 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511−12 (2002)); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (stating that "to advance a disparate treatment claim, a plaintiff must show that the employer has a discriminatory motive, which may be shown by direct evidence or through inference based on a *prima facie* showing of discrimination").

[2] *Bell v. Ohio State University*, 351 F.3d 240, 253 (6th Cir. 2003) (modifying the *prima facie* case for employment discrimination under *McDonnell Douglas* which requires plaintiffs to

"failed to allege facts indicating she can satisfy her burden to meet either the third prong or the fourth prong of the *prima facie* test, and these failures on her part provide two separate and independent bases for dismissing the case." (Def.'s Mem. in Supp. Mot. Dismiss, D.E. #7-1, p. 9).

While it is true that absent direct evidence of discrimination, a plaintiff must prove her case circumstantially under the framework set forth in *McDonnell Douglas*, "the *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement" and is therefore inappropriate in evaluating a motion to dismiss. *Swierkiewicz*, 534 U.S. at 510. In *Swierkiewicz*, the United States Supreme Court expressly held that "an employment discrimination complaint need not include such facts and instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 508; *see also* Fed. R. Civ. P. 8(a)(2). Indeed, the Supreme Court reversed the Second Circuit's affirmation of a dismissal that had required "a plaintiff in an employment discrimination complaint to allege facts constituting a *prima facie* case of discrimination under the framework set forth by . . . *McDonnell Douglas*." *Swierkiewicz*, 534 U.S. at 509.

---

put on proof that: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for the job; (3) plaintiff suffered an adverse employment decision; and (4) plaintiff was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees for application in the academic context).

7

The Sixth Circuit has recognized that even after *Twombly* and *Iqbal*, *Swierkiewicz* remains good law and continues to apply it. *See Serrano*, 699 F.3d at 897 (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012)). Moreover, the Sixth Circuit has followed the Second and Ninth Circuits in applying *Swierkiewicz* to claims of discrimination arising outside of the employment context. *See Muslim Cmty. Ass'n of Ann Arbor & Vicinity v. Pittsfield Charter Twp.*, 947 F. Supp. 2d 752, 765 (E.D. Mich. 2013) (citing *Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007)); *see also Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 72 (2d Cir. 2006) ("The *Swierkiewicz* holding applies with equal force to any claim . . . that the *McDonnell Douglas* framework covers."); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062 (9th Cir. 2004) ("While *Swierkiewicz* arose in the context of employment discrimination, its reasoning applies to any claim to which the *McDonnell Douglas* framework is applicable."). The Court must then, by analogy, review the complaint in the instant case under Rule 8(a).

In *Swierkiewicz*, the Supreme Court held that a discrimination complaint "easily satisfie[d] the requirements of Rule 8(a) because it [gave] respondent fair notice of the basis for petitioner's claims" by "alleg[ing] that he had been terminated on account of his national origin[,] . . . detail[ing] the events leading to his termination, provid[ing] relevant dates, and includ[ing] the ages and nationalities of at least some of the relevant persons involved with his termination." *Swierkiewicz,* 534 U.S. at 514. Likewise, here, Plaintiff has alleged that she was dismissed on the basis of sex and/or race by stating that she is an African-American female; detailed the events leading to her dismissal; provided relevant dates; and included not only the sex and race of students allegedly given preferential treatment, but their names as well. Given the liberal pleading requirement at this stage of the litigation, the Court finds that Plaintiff's complaint provides sufficient factual allegations to state a claim for relief that is plausible on its face and that

8

is enough to survive Defendant's Motion to Dismiss. As noted in *Swierkiewicz*, Rule 8(a) establishes a pleading standard without regard to whether the claim will succeed on the merits and "indeed it may appear on the face of the pleadings that recovery is very remote and unlikely but that this not the test." *Id.* at 515 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Claims lacking merit may be dealt with through summary judgment under Rule 56." *Id.* at 514.

As a final matter, Plaintiff has requested a hearing on Defendant's Motion to Dismiss "due to the complexity of this case and the Defendant's failure to address concerns regarding unfair treatment, discrimination and retaliation as well [as] to address their cover-up action that led up to the faculty's subjective 'professional' judgment that played a part in her May 2012 dismissal from the College of Dentistry." (Mot. for Hearing, D.E. #11, p. 1). Because a motion to dismiss is resolved by looking to the face of the complaint and the allegations contained therein, the Court finds Plaintiff's request for hearing unnecessary in its determination of the same.

## III. Conclusion

For the reasons set forth herein, it is recommended that Defendant's Rule 12(b)(6) Motion to Dismiss Complaint be DENIED and Plaintiff's Motion for Hearing be DENIED.

Signed this 18th day of April, 2014.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**